# UNITED STATES DISTRICT COURT
### for the
### Northern District of Indiana

**-FILED-**

MAR 06 2013

At _____ M
ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| United States of America<br>v.<br><br>Matthew Jasek<br>*Defendant* | )<br>)<br>) Case No. 2:13-MJ-44<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of **8/12/2012- 3/6/2013** in the county of **Lake** in the **Northern** District of **Indiana**, the defendant violated **18** U. S. C. § **2252(a)(2)**, an offense described as follows:

He did knowingly receive any visual depiction using any means and facility of interstate and foreign commerce where the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct, in violation of Title 18, United States Code, Section 2252(a)(2).

This criminal complaint is based on these facts:

See attached affidavit.

X  Continued on the attached sheet.

_____
*Complainant's signature*

Marc Rochon, Special Agent; HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___Mar 6, 2013___

S/Paul R. Cherry
*Judge's signature*

City and state: Hammond, Indiana

Paul R. Cherry
*Printed name and title*

## AFFIDAVIT

I, Marc Rochon, a Special Agent with the Department of Homeland Security Homeland Security Investigations ("HSI"), being duly sworn, hereby depose and state as follows:

1.   I am currently assigned to the Special Agent in Charge Chicago/Hammond, Indiana group, which is responsible for conducting criminal investigations and enforcing laws that are under the investigative jurisdiction of HSI in the Northern District of Indiana. I am a law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered to investigate and make arrests for violations of U.S. criminal laws.

2.   I have been employed as a Special Agent with HSI for approximately 5 years and have been assigned to the SAC Chicago area during that time. As a Special Agent, my responsibilities include investigating possible criminal violations of federal laws. Additionally, I have participated in the execution of search warrants in child pornography and child exploitation investigations involving searches and seizures of computers, computer equipment, software and electronically stored information.

3.   What follows are the facts that I believe are necessary to establish probable cause for the issuance of a criminal complaint alleging that Matthew Jasek violated Title 18, United States Code, Section 2252(a)(2) by knowingly receiving any visual depiction using any means or facility of interstate or foreign commerce where the production of the visual depiction involved the use of an actual minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

4. The facts set forth herein are either personally known to me or have been told to me directly by law enforcement officers and others with whom I have worked on this case. I have not included in this affidavit each and every fact known to me concerning this investigation.

## RELEVANT STATUTES

5. Title 18, United States Code, Section 2252(a)(2) and (a)(4)(B) prohibit the knowing distribution, receipt, possession and accessing with intent to view depictions of minors engaging in sexually explicit conduct. Title 18, United States Code, Section 2256(2)(A) defines "sexually explicit conduct" as "actual or simulated (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person."

6. The Seventh Circuit adopted a six-factor test for determining whether an image qualifies as a "lascivious exhibition of the genitals or pubic area of any person" in *United States v. Moore*, 215 F.3d 681, 686 (7th Cir. 2000). The six factors, originally set forth in *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), are: (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer. No one

2

factor is determinative, but not all factors need be satisfied in finding a depiction to be lascivious. *Dost*, 636 F. Supp. at 832.

## INVESTIGATION

7.  On August 16, 2012, while using undercover investigative software (hereafter "UIS") available to law enforcement to access the Internet, I scanned a popular peer-to-peer (hereafter "P2P") file-sharing network in search of individuals making child pornography files available for other users to download. During that process, I identified a particular IP address, 98.193.1118.95, and selected the option to monitor that IP address.

8.  This IP address came to my attention because the computer user accessing the Internet via that IP address was using P2P software to receive and possess images and videos that had hash values[1] which matched previously identified images and videos featuring minor children engaging in sexually explicit conduct. Through the undercover P2P software, I was also able to determine that the IP address was assigned to a user within the Northern District of Indiana – my investigative venue. The UIS used further noted that this particular IP address had previously been observed by the software "advertising unique files (169 Child Notable / 1 Child Erotic / Child Other / 486 Unknown Content)."

9.  On August 17, 2012, I issued a summons to Comcast Communications requesting the subscriber information for IP address 98.193.118.95. The requested information was returned, listing Matthew Jasek at 2125 Meadow Lane, Apt #3 in Schererville, IN as the subscriber.

10.  Between August 18th, 2012 and August 25th, 2012, using UIS, I was able to

---

[1] Hash values are mathematical algorithms that produce a combination of letters and numbers that are the equivalent of a digital fingerprint for a particular file.

3

download a video titled "r86.mp4" depicting child exploitation directly and solely from IP address 98.193.118.95. The video is approximately 15 minutes and nine seconds (15:09) in length. It begins with a young Caucasian female, about 11-13 years of age, with long straight blonde hair, wearing a blue brazier and pink under pants. The young girl is posing in various stages of undress in front of a video camera and eventually starts masturbating. The girl is lying on her back with her legs spread facing the camera and begins inserting various pens, markers and other phallic shaped objects into her vagina. Images from the video are available for the Court's inspection if deemed necessary.

11. On November 19, 2012, I was able to see some of the file titles stored in the computer's "shared folder" on IP address 98.193.118.95, which had names such as; Pthc Pedoland Frifam Heidi Ass, 2012 4Yo Princess Film 0009, PTHC – R@Y gold Hc-c4G – Fuckin, and pthc 2011 dadd with 8yo daughter. "PTHC" is the acronym commonly used for Pre-Teen HardCore and a popular search term used when P2P users are searching for child pornography.

12. On January 22, 2013, an additional summons was issued to Comcast Communications requesting subscriber information for IP address 98.193.118.95 between the dates of 08-17-2012 and 01-16-2013. The records provided in response to the summons indicate that IP address 98.193.118.95 was still assigned to Comcast Communications internet services customer:

    Matthew Jasek
    2125 Meadow Lane, Apt 3
    Schererville, IN 46375
    219-688-8190
    Account # 8771400330071988

13.     On October 31, 2012, I requested the driver's license photo and any registered vehicle information on Matthew Jasek. The Indiana Bureau of Motor Vehicles returned the requested information, listing a Black 2002 Hyundai Sonata with an Indiana vehicle registration of 136TCY registered to Mathew Jasek.

14.     On February 14, 2013, I used a ruse and made contact with Matthew Jasek at his apartment building, confirming he does reside at 2125 Meadow Lane, Apartment 3 in Schererville, Indiana.

15.     On March 6, 2013 a search warrant signed by this Court was executed at 2125 Meadow Lane, Apartment 3, Schererville, IN 46375. Matthew Jasek (hereinafter Jasek) was present at the time and after being advised of his rights, agreed to speak with me. A summary of the statements made by Jasek are as follows:

16.     During questioning, Jasek indicated that he was aware the subject of the search involved his downloading of child pornography. Jasek admitted to being interested in child pornography for eight years and admitted to receiving and possessing child pornography through Shareaza and RapidGator, both P2P programs. He said he finds child pornography by using the search term "PTHC" with the descriptor "anal sex" which would refine the search to his area of interest. Jasek claimed he was not aware of what PTHC stands for but knew that using the search term would lead him to child pornography. Jasek stated that the child pornography that he received depicted minors who ranged in age from 11 years old to 14-15 years old. These images including naked children, children engaged in sexual activity, and children engaged in sexual activity with adults. Jasek admitted that he downloads child pornography for his own sexual gratification and fantasies, and that he masturbates while viewing the material. Jasek was

5

shown copies of images from the video that I had downloaded previously from him via a P2P program and he stated that he recognized the image from a video that he himself had downloaded. Jasek initialed the image he was shown.

Jasek admitted to searching for child pornography twice a week. Jasek identified a folder on his computer partially titled "Dagger" as the folder in which he kept his child pornography.

17.   During the execution of the search warrant, a computer forensic examiner conducted an on-scene triage exam of a hard drive that Jasek admitted using to view and store child pornography. The examiner located the folder partially entitled "Dagger" which Jasek had identified as the folder in which he kept child pornography. Within the folder were approximately 4000 files which have not yet been fully analyzed. The examiner did locate several videos depicting child pornography, including the video I previously downloaded from Jasek between August 18th, 2012 and August 25th, 2012 through the P2P network, which is described in detail above in paragraph 10. A full examination of the hard drive and the "Dagger" folder will occur in the near future.

## CONCLUSION

18.   Based on the above facts, I believe probable cause exists for the issuance of a complaint charging that between on or about August 18, 2012 and March 6, 2013, Matthew Jasek knowingly received any visual depiction using any means or facility of interstate or foreign commerce where the production of the visual depiction involved the use of an actual minor engaging in sexually explicit conduct and such visual depiction is of such conduct, in violation of Title 18, United States Code, Section 2252(a)(2).

19. I therefore respectfully request that the attached warrant be issued authorizing said complaint.

                                                                Special Agent Marc Rochon
                                                                Homeland Security Investigations

SUBSCRIBED and SWORN
before me this 6th day of March 2013

**S/Paul R. Cherry**
_____
Honorable Paul R. Cherry
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF INDIANA

7